People v Jaycox (2021 NY Slip Op 01611)





People v Jaycox


2021 NY Slip Op 01611


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


258 KA 19-00112

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN JAYCOX, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered December 18, 2018. The judgment convicted defendant upon a jury verdict of attempted murder in the first degree, attempted assault in the first degree, attempted robbery in the first degree, assault in the second degree and attempted sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]; [b]) arising out of his unprovoked attack on a complete stranger. At the time of the crime, the victim was 60 years old and defendant was 49 years old. We now affirm.
Contrary to defendant's contentions, the conviction is based on legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and the verdict is not against the weight of the evidence when viewed independently and in light of the elements of the crimes as charged to the jury (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Gonzalez, 174 AD3d 1542, 1544-1545 [4th Dept 2019]). Contrary to defendant's further contention, defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe. We note that, just 53 days before committing the crime in this case, defendant was released from state prison after serving approximately 20 years for a similar attack on an 81-year-old woman in 1998. Defendant's remaining contentions are unpreserved for appellate review, and we decline to exercise our power to review them
as a matter of discretion in the interest of justice.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court